COURTENAY *et al. v.* HAYDEN *et al.*

[89 South. 777. No. 22022.]

PARTITION. *Minor cotenants living with their mother, who was lessee, were not liable on partition for rents.*

Where a mother individually leased property and entered into possession with her minor daughters, who subsequently became cotenants with others in the leased premises, they were not in possession as cotenants, and on partition were not liable for rent.

APPEAL from chancery court of Harrison county.

HON. D. M. RUSSELL, Chancellor.

Suit by Mrs. Justin Ella Hayden and others against Mrs. Lelia Courtenay, guardian for Lucile Courtenay, and another, minors, for partition, in which the property was sold, but the defendant refused to vacate the premises, and a judgment in another case to oust her was not enforced,

and she filed objections to the confirmation of the report of sale, and from a decree therein she appeals. Affirmed in part and reversed in part.

*Mize & Mize,* for appellant.

Counsel, in all of their writing, fail to explain why or to give any logical reason or cite any authority why, in a case where an individual rents property belonging to an estate, as Mrs. Lelia Courtenay did in this case from the administration and get in debt for the rent, the interest of the minors who own one-seventh of the property should be taxed with six-sevenths of the rent due by this individual to the estate, just because she happens to be the mother of the minors, where she did not rent the property as guardian for them, but for herself personally. If she did not pay the rent, she could have been ousted, but, because she was not ousted and incurred personal debt and liability, did not give the court authority to tax the interest these minors owned in the property with six-sevenths of the indebtedness incurred by their mother, not as their guardian, but under a contract of rent made by her personally.

Appellee cites the case of *Walker* v. *Williams,* 84 Miss. 392, but this case is not in point here under the facts of this case, of course, it cannot be denied, that each co-tenant has a lien upon the interest of every other for the value of the use and occupation of the joint estate beyond such tenant's individual interest therein. But the facts here are that these four minors, if they lived on this property with their mother, Mrs. Lelia Courtenay, were not occupying the property as co-tenants occupying a joint estate by reason of their owning one-seventh interest, but were simply living with their mother, as minors, in the property which she had leased as an individual. The administrator of the estate, with the consent of all the co-tenants, had leased this place to Mrs. J. M. Courtenay, who is Mrs. Lelia Courtenay, as an individual and she was occupying the premises under said lease, and the minor children, who happened to have

a one-seventh interest in the place, were not living with their mother on the premises, if they stayed there, by reason of any interest they owned in it, but lived there with their mother, who had leased the place personally, as her minor children, and in no way in the capacity of co-tenants.

*W. L. Wallace,* for appellee.

These four children of Mrs. Lelia Courtenay owning only a one-seventh interest in this property occupied with her the same for a period of two years, seven and one-third months up to the date of the decree, to the exclusion of the other co-tenants owning a six-sevenths interest, and without the payment of any rent. The record shows the rental value of the property was four hundred dollars per annum or thirty-three and one third dollars per month. The rental for the period of occupation, therefore, would be one thousand and thirty-three dollars. Of this it is shown two hundred and thirty-three dollars was paid for rent before these minors had acquired any interest in it. As the testimony is that after this time her possession was that of the minors, then they are chargeable for the rent in excess of their interest, or six-sevenths of eight hundred dollars the rental for the period of their use and occupation as co-tenants. This is what the chancellor charged against them.

Likewise he charged them with one-seventh their proportionate part of the taxes and insurance paid by their co-tenants and directs they also pay their one-seventh proportionate part of the Cuevas claim and the claim of Mrs. J. M. Courtenay. To these latter items, strange to say, appellants do not object. Could this be for the reason that unless the owners of the six-seventh interest were charged with their proportionate share of the amount for work not authorized by them the loss of the entire amount might fall upon the claimants?

Certainly if the owners of the six-seventh interests are chargeable *pro rata* with a sum equal to their interests, account of the claims of Mrs. Courtenay and Mr. Cuevas, then

the owners of the seventh interest are chargeable *pro rata* for the use and occupation of the premises in excess of their shares of the common estate, and with their *pro rata* of the taxes and insurance paid by the owner of the six-sevenths interest. Not only is this equity and common honesty, but it is the law, and so held repeatedly by this court.

There is not a denial of a single allegation in the pleadings on behalf of the appellees, that the minor children of Mrs. J. M. Courtenay might not have been in the use and occupancy of the premises is suggested in appellant's brief, but it is not denied, and if it were the proof and the admissions of Mrs. Courtenay are to the contrary.

Because she was their guardian and lived with them in the house and was the head of the family does not affect the right of the co-tenants for the accounting, nor limit the liability of her minor children's interest to compensate the owners of the sixth-seventh interests for the minors' use and occupation of the common property. *Wee Walker v. Williams,* 84 Miss. 392, 36 So. 480.

Appellants say the court was without authority to settle the equities as was done in the chancellor's decree. This is a most remarkable contention. It needs no citation of authorities to support the court's power in this regard. The court's general jurisdiction of minors' business, its statutory authority to inquire into and decide all controversies arising out of and concerning property sought to be partitioned, and its inherent power to deal fully and completely with all matters and parties properly before it, is all sufficient.

This case, however, we submit falls squarely within the rules laid down in *Walker v. Williams,* 84 Miss. 392, 36 So. 480, which in itself is sufficient to support the chancellor's decree though we repeat its inherent and statutory power to do full and complete equity, as was done here, needs no bolstering of authorities. The court did that which was both its right and duty to do, and the decree we say with respect should not be disturbed.

Cook, J., delivered the opinion of the court.

This is an appeal from a decree entered in the chancery court of Harrison county. The facts deemed necessary to be stated are as follows: In May, 1916, T. V. Courtenay died intestate, leaving as his sole heirs at law Mrs. Amelia Courtenay, who was his second wife, and seven daughters, all by his former wife, who had died some years previously. In October, 1917, the widow, Mrs. Amelia Courtenay, by quitclaim deed conveyed whatever right, title, and interest she had in the property involved in this litigation to the other heirs at law, and each of them thus became the owner of an undivided one-seventh interest in the property. A. B. Hayden, the husband of one of these co-tenants, was appointed and duly qualified as administrator of the estate of T. C. Courtenay, deceased, and in the course of his administration, finding the property here involved vacant, he leased it to Mrs. J. M. Courtenay for a period of one year at an annual rental of four hundred dollars. The written lease and notes evidencing the payments therein provided were executed on September 1, 1918, and the lessee thereupon took possession of the property and occupied the same as a home for herself and four minor children. The lessee, Mrs. Courtenay, owned no interest in the property, and for some months after she entered into possession under the lease she paid the rent as provided in the lease contract.

On March 7, 1919, Mrs. Mamie Louis Bohn, one of the co-tenants, conveyed her undivided one-seventh interest in the property to the four minor children of Mrs. J. M. Courtenay, the lessee, and thereafter, under some idea that by reason of the fact that her children had acquired an interest in the property she was released of further liability under her rent contract, she failed and refused to make further payments on the rent. The lessee, Mrs. Courtenay, continued to occupy the premises after the expiration of the lease for one year, and thereafter it appears that she conceived the idea of purchasing the entire property at and for the price of six thousand dollars, which it was agreed

was a fair price for the property, and with her attorneys and one W. A. Cuevas she entered in some negotiations to purchase the property at private sale. Upon legal advice the proposed private sale was abandoned, and thereupon a bill for a sale for partition was filed in the chancery court by Mrs. A. B. Hayden, one of the cotenants, in her own behalf, and as guardian of her two minor sisters, against the other co-tenants, and Mrs. J. M. Courtenay, as guardian of her four minor children. Thereafter under proper and regular proceedings a decree was entered, ordering the property sold for division of the proceeds, and appointing A. B. Hayden to sell the property at a price of not less than six thousand dollars. After due advertisement the property was offered for sale on the 2d day of August, 1920, and was sold to the highest bidder at and for the sum of seven thousand and fifty dollars. After this sale was made payment of rent and possession of the property was again demanded of Mrs. Courtenay, but she refused to vacate, and at the expiration of the second year period, that is September 1, 1920, legal proceedings were instituted in the justice court seeking to oust her. There was a judgment against her, from which she appealed to the circuit court, and there the appeal was dismissed, but it appears that the judgment was never enforced, and she still continues in possession of the premises.

On the 18th day of January, 1921, the special commissioner filed his report of sale, and set out therein in great detail his dealings with the property and his efforts to oust Mrs. Courtenay in order that possession might be delivered to the purchaser, and prayed that the court should inquire into, determine and adjust the equities between the co-tenants, and the claims of all persons interested or claiming any interest in the property. After the commissioner's sale one W. A. Cuevas filed a petition in the nature of a petition of intervention, by which he propounded a claim of four hundred, twenty eight dollars and twenty-eight cents for repairs done on the property at the instance and request of the lessee, Mrs. Courtenay, but since this claim was allowed by the chancellor and no appeal has been

prosecuted from the action of the chancellor in this re-
gard, it is unnecessary to set cut the allegations of this
petition or the proof offered in support thereof. At the
February, 1921 term of the court Mrs. Courtenay filed ob-
jections to the confirmation of the report of sale, and set
up a claim against the property for one hundred and sixty-
five dollars expended by her for repairs thereon, and upon
the final hearing a decree was entered, confirming the sale
and directing the commissioner to execute a deed to the
purchaser upon the payment of the balance of the purchase
price. The decree further charged the estate with the
amount expended by W. A. Cuevas for repairs thereon,
allowed Mrs. J. M. Courtenay, as guardian of her minor
children, a credit of one hundred and sixty-five dollars for
repairs made by her, charged the interest of the minors
with one-seventh of the amount paid out for taxes and in-
surance on the property, and also charged the interest of
these minors with six-sevenths of the rental charge fixed
for the use and occupation of the property by the said
minors and their guardian up to the date of the decree,
amounting to six hundred and eighty-five dollars from
which decree Mrs. Courtenay, as guardian of the minors,
prosecuted this appeal.

No exception is taken to the action of the court in allow-
ing the charges for repairs, or in taxing the interest of the
minors with their proportionate share of the taxes and in-
surance, paid on the property, but the assignment of error
is based upon the action of the court in charging the inter-
est of the minors with six-sevenths of the rental charge for
the use and occupation of the premises.

We fully recognize the well-settled equitable principle
that each co-tenant has a lien upon the interest of every
other for the value of the use and occupation of the joint
estate beyond such tenants' individual interest therein,
and no doubt the learned chancellor had this principle
in mind when he charged the interest of these minors with
the value of the use and occupation of the premises. We

do not think, however, that the facts in evidence here bring these minor co-tenants within that rule.

It will be noted that Mrs. J. M. Courtenay, individually, leased this property, and entered into possession therof at a time when these minors had no interest therein, and thereafter these children occupied the premises merely as inmates of the home of their mother and legal guardian, whose duty it was to provide a home for them. The mother leased this property and bound herself in writing to pay a fixed rental therefor, and she cannot escape this liability, and thus fix a charge upon the estate of her minor children by reason of the fact that these minor children afterwards acquired an interest in the leased premises. These children were not in possession of this property as co-tenants, or by virtue of their own title, but merely as an incident to their relationship to the lessee, and the contract of the lessee was not abrogated or her liability thereunder changed by reason of the fact that before the expiration of the contract her children acquired an interest in the property. We think appellees should pursue whatever remedies they may have against the one who is bound by contract to pay this rent, and that the interest of these minors should not be made to bear the charge for use and occupation.

In support of this provision of the decree, appellees rely upon the case of *Walker* v. *Williams*, 84 Miss. 392, 36 So. 450, but, under the facts in evidence here, we do not think that case is authority in their favor. In the Walker Case, the court said:

"The property was occupied by appellant as tenant in possession by virtue and strength of her own title, and the question of legal domicile does not affect the rights of her co-tenants."

In the case now before us, as we have already pointed out, the property was not occupied by appellants "as tenants in possession by virtue and strength of their own title."

We see no merit in the other assignment of error.

The decree of the lower court, in so far as it charges the interest of the minors with the value of the use and occupation of the premises, is reversed, and a decree will be entered here affirming the decree in all other respects.

*Affirmed in part and reversed in part.*